CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 28 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDY E. ALSTON, SR., ) | Civil Action No. 7:05CV00798 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| COUNTRYWIDE HOME LENDING, INC.,) | |
| SHARON CRENSHAW, ) | |
| Defendants. ) | |

Randy E. Alston, Sr., brings this action against Countrywide Home Lending, Inc.,[1] ("Countrywide") and Sharon Crenshaw, alleging that Countrywide discriminated against him on the basis of race and disability, that Countrywide breached a contract with him, that Countrywide foreclosed on his property in violation of state and federal law, and that Countrywide deliberately and fraudulently concealed information. Additionally, the plaintiff claims that Countrywide negligently inflicted emotional distress and slandered the plaintiff. Alston also alleges that the sale of his property was conducted in violation of 12 U.S.C. § 3758(3)(A). This case was filed in the court on December 29, 2005. The case is currently before the court on Countrywide's motion to dismiss. For the following reasons, the court will grant the defendant's motion to dismiss.

---

[1]The defendant notes that its proper name is "Countrywide Home Loans, Inc.," although the complaint designates the company as "Countrywide Lending, Inc."

## BACKGROUND

The plaintiff filed a complaint alleging that Countrywide discriminated against him on the basis of race and disability, breached a contract with him, foreclosed in violation of state and federal law, deliberately and fraudulently concealed information, negligently inflicted emotional distress, and slandered the plaintiff. Alston seeks monetary damages, to void and rescind his contract with Countrywide, and to void the sale of his property to Crenshaw.

The plaintiff's complaint states that his property, 1810 Franwill Avenue NW, in Roanoke, Virginia, was sold at a public auction on December 19, 2005. (Compl. 1.) According to the plaintiff, he received an offer to reinstate his loan on November 7, 2005, from the office of Samuel I. White, P.C. (Comp. 1.) Although he left multiple messages, the plaintiff could not speak to someone from that office until ten to fifteen minutes before the foreclosure sale. (Compl. 1-2.)

Defendant Countrywide filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) on June 2, 2006. On June 6, 2006, the court entered a notice warning the plaintiff that he had fifteen days from the date of the notice to submit further documents responding to the motion to dismiss. The notice stated that if the plaintiff did not file some response within the fifteen-day period, the court would dismiss the case for failure to prosecute. As of this date, the plaintiff has failed to respond to the motion to dismiss.

## DISCUSSION

**I.      Failure to Prosecute**

After Countrywide filed its motion to dismiss, the court issued a notice, which warned the plaintiff that he had fifteen days from the date of the notice to submit any further evidence

2

contradicting, explaining, or avoiding the evidence of the defendant. The notice stated that the plaintiff had to respond in an "appropriate fashion" if he wished to continue the case. It would be assumed that if the plaintiff did not respond to the defendant's motion, he no longer had an interest in the case or that he agreed with the defendant's positions. In underlined print, the notice stated: "if the plaintiff does not file some response within the fifteen (15) day period, the court will dismiss the case for failure to prosecute." The plaintiff did not respond to the defendant's motion within fifteen days.

A district court has the power to dismiss a case <u>sua sponte</u> for failure to prosecute. <u>Erline Co. S.A. v. Johnson</u>, 440 F.3d 648, 654 (4th Cir. 2006). This power is required "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962).

In this case, the <u>pro se</u> plaintiff received "a reasonable safeguard when confronted with the possibility of summary disposition of his case." <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975). The notice issued by the court clearly stated that the case would be dismissed if the plaintiff did not respond within fifteen days. As the plaintiff failed to do so, all claims against Countrywide will be dismissed for failure to prosecute.

## II. Countrywide's Motion to Dismiss

Furthermore, the court notes that Countrywide's motion to dismiss is well-founded. Countrywide asserts that the court does not have jurisdiction over the subject matter alleged in the complaint. Federal Rule of Civil Procedure 8(a) requires that a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. Pro. 8(a). The plaintiff, however, fails to state any ground for federal jurisdiction.

3

First, the plaintiff has not alleged diversity of citizenship between the parties. See 28 U.S.C. § 1332 (2006). Second, the plaintiff has failed to allege federal question jurisdiction, or that the action arises under the Constitution or laws of the United States. See 28 U.S.C. § 1331 (2006). The plaintiff cites 12 U.S.C. § 3758 (3)(A), claiming that the sale violated the federal publication requirements for foreclosure sales. This provision is not applicable to the instant case, however, because the provision only applies to a federal loan or federally secured loan. See 12 U.S.C. § 3751 (2006); Mubeidin v. Homecomings Fin. Network, Inc., 2006 U.S. Dist. LEXIS 1112 (W.D. Va. 2006). Although the plaintiff contends that he was discriminated against based upon race and disability, his complaint does not allege any factual basis for this claim. See Weller v. Dep't. of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990) (holding that only those questions presented to a court may be addressed, and that a sex-based discrimination claim with no factual basis is not sufficient to support a claim of federal jurisdiction). Even viewing Alston's pro se complaint with "special judicial solicitude," the court is not required "to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Id. If the case were not dismissed for failure to prosecute, the defendant's motion to dismiss for lack of subject matter jurisdiction would have merit.

### III. Dismissal of Claims Against Defendant Crenshaw

Although this defendant has not filed a motion to dismiss, the court can raise the matter of subject matter jurisdiction sua sponte. See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982). Federal Rule of Civil Procedure 8(a) requires the plaintiff to provide a statement of the grounds upon which jurisdiction depends or a short and plain statement of the claims against defendant Crenshaw. Fed. R. Civ. Pro. 8(a). It does not appear

4

that the plaintiff has alleged a basis for federal subject matter jurisdiction or provided a statement of his claims against defendant Crenshaw in his complaint or more definitive statement. Therefore, the court will dismiss all claims against defendant Crenshaw.

## CONCLUSION

The plaintiff has failed to prosecute his claims against Countrywide. In addition, he has failed to allege a basis for federal jurisdiction. For the reasons stated, the plaintiff's claims will be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff, defendant Crenshaw, and all counsel of record.

ENTER: This 28th day of June, 2006.

*/s/ Glen Conrad*

United States District Judge

5

Case 7:05-cv-00798-GEC   Document 29   Filed 06/28/06   Page 5 of 5   Pageid#: 87